**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-cv-06263 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| TOM DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    For the reasons stated in the accompanying Statement, Defendants' motion to dismiss [46] is granted. Plaintiff's Second Amended Complaint is dismissed without prejudice. The Court grants Plaintiff leave to amend. If Plaintiff believes he can state a cognizable claim, he may submit an amended complaint by 10/20/2025. If Plaintiff declines to file an amended complaint by 10/20/2025, this case will be dismissed with prejudice and final judgment will be entered. Telephonic status hearing set for 10/28/2025 at 9:30 AM. The call-in number is (650) 479-3207 and the access code is 1808131170. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**STATEMENT**

    Plaintiff David Johnson claims that, while he was a pretrial detainee at the Cook County Department of Corrections ("CCDOC"), he was required to wear a distinctive green jumpsuit identifying him as an inmate who had been found guilty of sexual misconduct. Yet, according to Johnson, he had only been accused of sexual misconduct and was later found not guilty of the offense. Despite informing CCDOC staff of the error in his uniform assignment, Johnson was required to continue wearing the green jumpsuit, which led to him being harassed by other inmates based on their belief that he was a sex offender. Because he alleges that Defendants' refusal to correct his uniform assignment violated his constitutional rights, Johnson has brought the present lawsuit asserting claims pursuant to 42 U.S.C. § 1983 against Tom Dart, in his official capacity as Cook County Sheriff; three CCDOC employees in their individual capacities, Defendants Steven Wilensky, Officer Mitchell, and John Mueller; and Cook County. Defendants have filed a motion to dismiss Johnson's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 46.)

### I.

For purposes of Defendants' motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in Johnson's favor as the non-moving party. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

In the SAC, Johnson alleges that in October 2016, the Cook County Sheriff instituted a policy ("Policy") under which detainees found to have committed sexual misconduct offenses were required to wear a green jumpsuit that distinguished them from other inmates and were subject to other forms of differential treatment. (SAC ¶¶ 8–9, Dkt. No. 35.) On July 19, 2017, during an earlier period of detention, Johnson had been charged with an indecent exposure infraction but was found not guilty of that infraction shortly thereafter. (*Id.* ¶¶ 13–14.) A criminal charge stemming from that incident was ultimately dismissed by an order of *Nolle Prosequi* on February 28, 2019. (*Id.* ¶ 15.)

When he came back into CCDOC custody on November 12, 2021, Johnson was assigned a green jumpsuit. (*Id.* ¶¶ 16–17.) After Johnson asked why he was required to wear the green jumpsuit, CCDOC personnel informed him that he had been assigned the distinctive uniform pursuant to the Policy because he had been found guilty of sexual misconduct. (*Id.* ¶ 18.) Johnson protested the assignment and filed multiple grievances informing the CCDOC that he had been cleared of wrongdoing with respect to the July 2017 indecent exposure charges. (*Id.* ¶¶ 18, 20–21, 25, 29.) Yet his attempts to inform the CCDOC of its error were unsuccessful. (*Id.* ¶ 47.) Johnson claims that, as a result of being visually identified as a sexual offender to other CCDOC inmates and staff, he was subjected to serious physical and verbal abuse. (*Id.* ¶¶ 52, 56.)

The SAC contains three counts. Each of those counts asserts that Defendants violated Johnson's constitutional rights by requiring him to wear a green jumpsuit identifying him as a sexual offender even though he had been found not guilty of the sexual misconduct charge that he presumed to form the basis for the designation. According to Johnson, Defendants showed deliberate indifference to the risk of harm at the hands of other inmates that he faced as a result of his false designation as a sex offender. He also claims that Defendants violated his due process rights by imposing additional restrictions and punishment on him without a hearing or judgment and violated his right to equal protection under the law by treating him differently than other non-sex offenders without any basis for doing so.

### II.

As noted above, the crux of each of the § 1983 claims in the SAC is that Johnson's constitutional rights were violated by Defendants assigning him a green jumpsuit under the Policy and then failing to rescind that assignment when Johnson informed them through his grievances that there had been no adjudication of guilt with respect to the July 2017 indecent-exposure accusation. Defendants do not deny that there was no finding of wrongdoing arising from the July 2017 incident. In their reply brief, however, Defendants introduce evidence that Johnson pleaded guilty to an Illinois state-law charge of criminal sexual assault in November 2005. (Defs.' Reply, Ex. A, Dkt. No. 51-1.) The Court can and does take judicial notice of the fact of Johnson's

November 2005 conviction for criminal sexual assault. *E.g.*, *United States v. Payne*, 964 F.3d 652, 656 (7th Cir. 2020) ("[I]t is well-settled that we may judicially notice court records as evidence of prior judicial actions.").

While the fact of Johnson's sexual assault conviction could have and should have been raised in Defendants' opening brief, rather than their reply, the Court gave Johnson leave to file a sur-reply to address that prior conviction. In his sur-reply, Johnson acknowledges the prior conviction and asserts various arguments as to the propriety of using that November 2005 sexual-misconduct offense as grounds for assigning him a green jumpsuit under the Policy. Whatever the merits of Johnson's contentions as to Defendants' application of the Policy to him, the Court finds that those arguments are rooted in claims of misconduct on the part of Defendants fundamentally different from those alleged in the SAC. At bottom, all of the claims in the SAC claims hinge on Johnson's assertion that he had never been found guilty of a sexual-misconduct offense—an assertion that is contradicted by the judicially noticeable fact of Johnson's 2005 sexual assault conviction. Consequently, Johnson's claims cannot be maintained as currently pleaded.

Because Johnson's prior sexual-assault conviction is fatal to all its claims, the SAC is dismissed. Nonetheless, based on Johnson's sur-reply, it appears he may have a viable claim based on one or more Defendants' use of that prior conviction as grounds for assigning him a green jumpsuit pursuant to the Policy. For that reason, the Court will grant Johnson leave to amend the complaint. To the extent that he believes he can amend his complaint to state a cognizable claim, Plaintiff will have until October 20, 2025 to file a Third Amended Complaint.

Dated: September 28, 2025

_____
Andrea R. Wood
United States District Judge